IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHORES OF PANAMA RESORT
COMMUNITY ASSOCIATION INC.,

    Plaintiff,

v.                                                     CASE NO. 5:14-cv-294-RH-GRJ

SOLLY HALBERTHAL, et al.,

    Defendants.

_____/

## O R D E R

Pending before the Court is Plaintiff's Motion to Compel Responses to Discovery. Doc. 61. Defendants have filed an Opposition to Plaintiff's Motion to Compel Responses to Discovery, or in the Alternative, Motion for Protective Order, Doc. 65, and therefore the motion is ripe for consideration. For the reasons discussed below, Plaintiff's Motion to Compel is due to be granted, and Defendants' Alternative Motion for Protective Order also is due to be granted.

### DISCUSSION

In this case Plaintiff seeks damages for breach of fiduciary duty against four defendants who formerly served as directors of Plaintiff. Among other relief requested in the Complaint, Plaintiff requests punitive damages. The instant motion to compel concerns three requests for production and two interrogatories served by Plaintiff in which Plaintiff sought information from the individual defendants relevant to its claim for punitive damages.

In RFP nos. 3 and 4 and Interrogatories 2 and 3 Plaintiff requests Defendants to produce their federal income tax returns for a four year period, provide information concerning their adjusted gross income (for a five year period) and provide information concerning their net worth for a four year period.

Defendants contend that Plaintiff is not entitled to their personal financial documents at this stage in the case because in response to Plaintiff's interrogatory number 4, Defendants have sworn that they are not owners, investors, creditors, directors, managers, agents or employees of the six entities, which Plaintiff characterizes as the "Bulk Buyers." Defendants argue that because they have sworn they have no affiliation with the Bulk Buyers there is no predicate for requiring them to reveal their personal financial information simply because they sat on a voluntary Board of Directors for a condominium.

Under the Federal Rules of Civil Procedure, a party is permitted to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... " Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* In most cases financial discovery is not appropriate until after judgment for the obvious reason that a private plaintiff should not be permitted to discovery an opponent's assets until after a judgment against the opponent has been rendered. *FTC v. Turner,* 609 F. 2d 743, 745 (5th Cir. 1980).

The situation is different, however, where punitive damages are sought. Where there is a claim for punitive damages a defendant's financial condition becomes

relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award. *Myers v Cent. Fla. Invs. Inc.,* 592 F. 3d 1201, 1216 (11th Cir. 2010). The purpose of a punitive damage award is to punish and deter the wrongdoer rather than to compensate the aggrieved party. *Snapp v Unlimited Concepts, Inc.*, 208 F. 3d 928, 934 (11th Cir. 2000). Thus, where, as here, there is a claim for punitive damages the Defendant's financial situation, particularly the defendant's net worth, is relevant and within the scope of permissible discovery under Rule 26. *See, e.g. Gottwald v Producers Group, I, LLC,* no. 12-81297-CIV, 2013 WL 1776154, at *3 (S.D. Fla. April 25, 2013); *Soliday v. 7-Eleven, Inc.,* No. 2:09-cv-807-FTM-29SPC, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010); *EEOC v Dimare Ruskin, Inc.,* case no. 2:11-cv-158-FtM-36SPC, at *3-4 (M.D. Fla. Aug. 24, 2011).

In their responses to Plaintiff's discovery requests Defendants resisted producing tax return information contending that "[t]ax return information is protected under state and federal law. At this stage of the lawsuit, the Defendant's personal financial status is not at issue, and Plaintiff has not obtained leave of court to obtain such information." While Defendant did not raise specifically Fla. Stat. § 768.72—which provides that punitive damages are not allowable until the Plaintiff proffers evidence providing a reasonable basis for the recovery of punitive damages—this argument is not mentioned in Defendants' response memorandum. Defendants did not advance this argument apparently recognizing that most federal courts have concluded that § 768.72 is not applicable to discovery of punitive damages in federal court. *See. e.g. Pantages v Cardinal Health 200, Inc.,* no. 5:08-cv-116-Oc-10GRJ, 2009 WL 1011048, at *3-4 (April

15, 2009)("Consequently, just as § 768.72 must yield to the application of Rule 8, of the Federal Rules of Civil Procedure, it also must yield to the federal rules governing the scope and timing for discovery in federal courts."); *Gottwald,* at * 3; *Ward v Estaleiro Itajai S/A,* 541 F. Supp. 2d 1344, 1349 (S.D. Fla. 2008).

Defendants instead advance the argument that their personal financial information is not relevant because they have denied any affiliation with the "Bulk Buyers," and therefore there is no factual basis to support a claim for punitive damages. The problem with this argument is that it implicitly is based upon the premise that the Plaintiff must "prove" its claim for punitive damages before entitlement to punitive damages discovery is triggered. As discussed above that is not the law in federal court. The only requirement is that the discovery must be relevant to a claim or defense. Unless or until the claim for punitive damages is removed from the claims in this case the Plaintiff is entitled to take discovery relating to the claims. Because the requested financial information is relevant to the claim for punitive damages Plaintiff is entitled to obtain this information and therefore Plaintiff's motion to compel is due to be granted.

Even though Plaintiff is entitled to obtain Defendants' financial information the Court fully recognizes that the personal financial information is both sensitive and private in nature, particularly in a case like this where the dispute is between differing factions of homeowners and current and past members of the Board of Directors of a community association. As such, the Court determines there is good cause to enter a protective order as requested by Defendants so that their personal financial information is not freely disseminated among the residents, managers, officers, and owners of the

condominium association. The dissemination of Defendants' financial information, including the tax returns, will be deemed confidential and disclosure will be limited to those persons to whom disclosure is reasonably necessary for the prosecution of this action. So that the parameters of the protective order may be more clearly defined, the parties are instructed to discuss the terms of a more detailed protective order to submit to the Court, or in the absence of agreement on the language of a protective order, Defendant may file an appropriate motion.

Accordingly, upon due consideration, it is **ORDERED:**

1. Plaintiff's Motion to Compel Responses to Discovery, Doc. 61, is **GRANTED.**

2. Defendants must produce documents responsive to Plaintiff's Requests for Production nos. 1, 3 and 4 and respond to Plaintiff's Interrogatory nos. 2 and 3 **on or before June 16, 2015**.

3. Defendants' Alternative Motion for Protective Order, Doc. 65, is **GRANTED**. All personal financial information produced by Defendants shall be considered confidential, and may only be used in this lawsuit. The disclosure of financial information by Defendants is limited to those persons to whom disclosure is reasonably necessary for the prosecution of this action. If the parties wish to have the Court enter a more detailed protective order they may file an appropriate motion.

**DONE AND ORDERED** this 1st day of June, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge